UNIVERSITY SAVINGS ASSOCIATION,
Petitioner,

v.

SPRINGWOODS SHOPPING CENTER
and Truitt V. Lively, Respondents.

No. C–1396.

Supreme Court of Texas.

Dec. 8, 1982.

Rehearing Denied Feb. 16, 1983.

F. Witcher McCullough III, Houston, for petitioner.

Dougal C. Pope, Houston, for respondents.

SONDOCK, Justice.

This is a suit for wrongful foreclosure brought by Springwood Shopping Center ("Springwood") and Truitt V. Lively against University Savings Association ("University Savings"). The trial court granted summary judgment for University Savings. The court of appeals reversed. 635 S.W.2d 440. We reverse the judgment of the court of appeals.

The issue in this case involves the following provision in the deed of trust:

Successor or substitute trustees may be named, constituted and appointed without procuring resignation of the former trustee and without other formality than the execution and acknowledgement by Beneficiary of a written instrument . . . appointing and designating such successor or substitute and filing the same for record in the county where the premises are to be sold, whereupon such successor or substitute trustee shall become vested with and succeed to all of the rights, titles, privileges, powers and duties of the trustee named herein. . . .

The facts are undisputed. Springwood entered into a real estate loan agreement with University Savings that was secured by a deed of trust. On the same day,

Springwood sold Lively the property. After Lively fell several months behind on the installment payments, University Savings decided to exercise its option under the note to declare the entire balance of the note due and payable. At the same time University Savings decided to substitute a trustee for the person originally named in the deed of trust. A document was prepared pursuant to the deed of trust and sent to Lively, along with proper notice of acceleration, foreclosure, and the time and place of the trustee's sale. Pursuant to the notice, the property was sold at the foreclosure sale for the amount due on the note. Two days later the instrument appointing the substitute trustee was filed for record.

Springwood and Lively contend that the substitute trustee had no authority to sell the property because he did not become empowered under the deed of trust until the notice of appointment was filed for record. University Savings argues that the failure to record the instrument may have made the sale an improper execution of a valid foreclosure, but did not produce a wrongful foreclosure because the mortgagor had actual notice of the sale and the recordation was only a ministerial act. It is undisputed that all of the formalities required by the deed of trust were complied with except the filing of the appointment of substitute trustee in the records of Harris County, which was done two days after the sale by the substitute trustee.

■ Texas courts have consistently held that the terms set out in a deed of trust must be strictly followed. *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671 (1942); *Michael v. Crawford,* 108 Tex. 352, 193 S.W. 1070 (1917). As this Court has stated, "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust." *Slaughter v. Qualls, supra* at 675. Thus, when a foreclosure sale is held pursuant to the power granted in the deed of trust, the power of sale can only be exercised by those authorized in the instrument. *Michael v. Crawford, supra.* The reason that "strictness" is required in following the terms of the power

granted by the deed of trust is to protect the property of the debtor. *Walker v. Taylor,* 142 S.W. 31, 33 (Tex.Civ.App.—San Antonio 1911, writ ref'd). Failure to follow the terms of the deed of trust will give rise to a cause of action to set aside the trustee's deed. *Slaughter v. Qualls, supra.*

■ In this case, however, Springwood and Lively are seeking damages for wrongful foreclosure, rather than seeking to set aside the deed. It is undisputed that Lively had actual notice of the substitution, the identity of the substitute trustee, and the time and place of the trustee's sale. Additionally, they concede that no prejudice or harm resulted from the failure to comply with the recordation provision in the deed of trust.

Other than the failure to record the instrument appointing the substitute trustee prior to the sale, University Savings complied with all the requirements of the deed of trust and conducted the sale in accordance with law. Under these circumstances, we hold that the notice received by Lively is a bar to an action for wrongful foreclosure. The test laid down in *American Savings and Loan Assoc. of Houston v. Musick,* 531 S.W.2d 581 (Tex.1975), is applicable here. Considering the notice given, failure to record an otherwise valid appointment of a substitute trustee does not affect "the legality or fairness of the trustee's sale" as to the mortgagor. *Id.* at 588.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

McGEE, J., notes his dissent.

ROBERTSON, J., not sitting.