JASPER FEDERAL SAVINGS & LOAN ASSOCIATION, Petitioner,

v.

Norman W. REDDELL et ux., Respondents.

No. C–6167.

Supreme Court of Texas.

May 27, 1987.

Blair A. Bisbey, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for petitioner.

Jon B. Burmeister, Moore, Landrey, Garth & Jones, Beaumont, for respondents.

KILGARLIN, Justice.

This is a suit for wrongful foreclosure brought by Norman and Carol Reddell against Jasper Federal Savings & Loan Association. In a bench trial, the court rendered judgment in favor of Jasper. The court of appeals reversed the judgment of the trial court and remanded the cause with instructions to render judgment for the Reddells, for the difference between the value of the property and the balance due on the note plus interest. 722 S.W.2d 551 (Tex.App.—Beaumont 1987). We reverse the judgment of the court of appeals and affirm the judgment of the trial court that the Reddells take nothing from defendant Jasper.

The Reddells financed their home through Jasper Federal Savings & Loan under a deed of trust agreement. Over the history of the note, the Reddells were in default on multiple occasions. The property was posted for foreclosure eleven times prior to final foreclosure. In June 1983, the Reddells were in default of their note and Jasper once again began foreclosure proceedings under the deed of trust. The deed of trust contained an acceleration clause which provided that upon default:

Lender prior to acceleration shall mail notice to borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than thirty days from the date the notice is mailed to borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this deed of trust and sale of the property. The notice shall further inform borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of borrower to acceleration and sale.

By letter dated July 12, 1983, the substitute trustee sent notice to the Reddells informing them that their account was past due and they could stop foreclosure proceedings by paying the delinquency plus expenses; that if the delinquency was not paid by August 12, 1983, they would be required to pay an additional legal fee to cover the cost of foreclosure; and, that foreclosure would be for the full amount of the loan. It is undisputed that the note did not inform the Reddells of their right to reinstate after acceleration or of the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

On August 12, 1983, the trustee posted notice that complied fully with the provisions of section 51.002 of the Texas Property Code [1] applicable to the sale of real

1. § 51.002. Sale of Real Property Under Contract Lien

(a) A sale of real property under a power of sale conferred by a deed of trust or other contract lien must be a public sale at auction held between 10 a.m. and 4 p.m. of the first Tuesday of a month. The sale must take place in the county in which the land is located, or if the property is located in more than one county, the sale may be made in any county in which the property is located.

(b) Notice of the sale must be given at least 21 days before the date of the sale:

(1) by posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;

(2) by filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and

(3) by the holder of the debt to which the power of sale is related serving written notice of the sale by certified mail on each debtor who, according to the records of the holder of the debt, is obligated to pay the debt.

(c) Service of a notice by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address as shown by the records of the holder of the debt. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

(d) Each county clerk shall keep all notices filed under Subdivision (2) of Subsection (b) in a convenient file that is available to the public

property under a contractual lien. The property was sold on September 6. Jasper purchased the property for the unpaid balance of $19,962.23. Following the auction sale, Jasper offered to resell the property to the Reddells for the balance due on the note plus expenses of the sale. The Reddells did not purchase the property; however, they remained in possession of the property for over four months. Jasper resorted to eviction proceedings to regain possession of the property. In March 1984, Jasper sold the property to a third party for $39,900. The Reddells then filed suit for wrongful foreclosure under the Texas Declaratory Judgment Act.

Trial was to the court, which found in favor of Jasper. The court determined that the Reddells were estopped from asserting a damages claim for Jasper's failure to inform them of their rights to reinstate after acceleration or to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale as provided in the deed of trust. The basis for this ruling was because the Reddells had actual knowledge of their rights by virtue of their prior consultation with their own legal counsel.

The court of appeals found the trial court's conclusion of law erroneous under our holdings in *Ogden v. Gibraltar Savings Ass'n*, 640 S.W.2d 232 (Tex.1982), and *Houston First American Savings v. Musick*, 650 S.W.2d 764 (Tex.1983). Since strict compliance with the terms of the deed of trust was required, the court of appeals found error in the trial court concluding that actual knowledge could be substituted for notice.

■ The court of appeals' reliance on *Ogden* is misplaced. In that case the acceleration clause in the deed of trust gave Gibraltar the option to accelerate upon default, but it was not required to do so. A letter of notice was sent to Ogden which stated that "failure to cure ... *may* result in acceleration." *Id.* at 233. It gave no clear and unequivocal notice that Gibraltar

would exercise the option. In Texas, notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex. 1975). The supreme court in *Ogden* held that since Gibraltar did not give proper notice of intent to accelerate, any attempted acceleration was ineffective. *Ogden* at 234. Gibraltar never contended that Ogden had actual knowledge of its intent to accelerate, rather, it argued that the subsequent notice of trustee's sale gave notice that the entire debt had been accelerated.

In *Houston First American Savings v. Musick*, this court held that compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale. In *Musick*, notice of sale was not given for twenty-one days prior to the sale as required by section 51.002. In the case before us, the notice of the right to reinstate and to bring a court action are not notices required by law. Therefore, the issue before us is whether specific compliance with non-statutory foreclosure prerequisites is mandated under *Musick*.

■ In *University Savings Association v. Springwoods Shopping Center*, 644 S.W.2d 705 (Tex.1982), this court upheld a foreclosure sale in which there had been no compliance with provisions relating to the recording of the appointment of the substitute trustee before sale. In that case, the borrower's actions for wrongful foreclosure were held to be barred by his actual notice of the substitution and identity of the substitute trustee, and the time and place of the sale, where there was no showing of prejudice or harm resulting from the failure to comply with the recordation provision in the deed of trust. The statutory notice provisions of section 51.002 seek to not only protect the debtor by affording him a lengthy notice period in which he may cure, but also adequately inform the third party public in order to maximize the likelihood of a profitable public sale at mar-

---

for examination during normal business hours. The clerk may dispose of the notices after the date of sale specified in the notice has passed.

The clerk shall receive a fee of $2 for each notice filed.

ket value in which the debtor may recover his equity in his property. The language of a deed of trust which provides for additional requirements, although of equal import, affects only the relationship between the debtor and creditor. Therefore, we hold that actual notice of a right to reinstate after acceleration or to bring a lawsuit is sufficient to comply with the requirements of *University Savings*.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.