Opinion issued April 30, 2009








          




     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00433-CV




THE HOUSTON OMNI USA CO., INC., AND GARY B. WADE, SR.,
Appellants

V.

SOUTHTRUST BANK CORPORATION, N.A., WACHOVIA AS TRUSTEE,
ITS SUCCESSORS AND ASSIGNS, BUCKEYE RETIREMENT CO.,
L.L.C., AND AS SUBSTITUTE TRUSTEE, MARK TORMEY OF TORMEY
& ASSOCIATES, Appellees




On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2005-37046




MEMORANDUM OPINION

          Appellants, The Houston Omni USA Co., Inc., and Gary B. Wade, Sr.
(collectively, “Omni”), sued appellees, SouthTrust Bank Corporation, N.A., and
Wachovia, as trustee, its successors and assigns; and Mark Tormey of Tormey &
Associates, as substitute trustee,


 for wrongful foreclosure.


 In addition, Omni sued
appellee, Buckeye Retirement Co., L.L.C., for trespass to try title. 
          SouthTrust and Wachovia moved for summary judgment as to Omni’s
wrongful foreclosure claim. The 215th District Court granted a no-evidence summary
judgment in favor of SouthTrust and denied summary judgment for Wachovia. The
trial court denied Omni’s motion for summary judgment as to Buckeye’s status as a
bona fide purchaser. 
          The case was transferred to the 80th District Court for trial on Omni’s wrongful
foreclosure claim against Wachovia and Omni’s trespass to try title claim against
Buckeye. During a pre-trial conference, the 80th District Court reconsidered and
granted Wachovia’s motion for summary judgment. In addition, the court granted
Buckeye’s motion for summary judgment as to Omni’s trespass to try title claim.



          On appeal, Omni presents four issues. In its first and second issues, Omni
contends that the trial court erred by granting summary judgment on its wrongful
foreclosure claim in favor of SouthTrust and Wachovia because notice of foreclosure
failed to comply with Texas Property Code section 51.002. In its third issue, Omni
contends that the trial court erred by granting summary judgment on its wrongful
foreclosure claim in favor of Wachovia because Wachovia failed to properly
challenge the capacity in which it was sued under Texas Rule of Civil Procedure 93. 
In its fourth issue, Omni contends that the trial court erred by denying its motion for
summary judgment as to Buckeye’s status as bona fide purchaser.
          We affirm.
Summary of Facts and Procedural History
          In October 2002, Omni and SouthTrust entered into a construction loan
agreement and note, pursuant to which SouthTrust loaned $600,000 to Omni for 
improvements to Omni’s commercial property located at 1909 Scott Street in Houston
(“Property”). The note was secured by a deed of trust, which was recorded with the
Harris County clerk. Omni’s president, Gary Wade, executed a personal guaranty.
 
          Pursuant to the terms of the deed of trust, upon the occurrence of a default by
Omni, SouthTrust was authorized to dispose of the Property by non-judicial
foreclosure sale. The deed of trust states that SouthTrust was required to give notice
to Omni of such proposed sale by certified mail “at least 21 days preceding the date
of the sale” and that 
[s]ervice of such notice shall be completed upon deposit of the notice,
enclosed in a postpaid wrapper, properly addressed to [Omni] . . . at [its]
most recent address as shown by the records of [SouthTrust], in a [USPS
depository]. . . . [Omni] agrees that no notice of any sale other than as
set out in this paragraph need be given by the Trustee, [SouthTrust], or
any other person. [Omni] designates as [Omni’s] address for the
purposes of such notice, the address set out below opposite [Omni’s]
signature. 
 
The deed of trust reflects that the address “opposite [Omni’s] signature” is: “1909
Scott Street, Houston, TX ,77045.” The same address is reflected adjacent to Omni’s
signature in the loan agreement and the note. 
          In April and July 2003, after delays in construction occurred, Omni and
SouthTrust executed modification and extension agreements, and SouthTrust loaned
to Omni an addition $78,000. In each extension agreement, Omni again listed its
address as 1909 Scott Street, Houston, Texas,77045, and Wade listed his address as
2646 Dawn Star, Missouri City, Texas 77489. 
 
          In early 2004, Omni defaulted on its obligation to make payments to
SouthTrust on the $678,000 note. On February 3, 2004, the parties executed a
“Change in Terms Agreement,” extending the interest-only period to April 10, 2004
and then resuming payments on the principal. The agreement states, “All other terms
and conditions shall remain the same.” The borrower block of the agreement lists
Omni’s address as 1909 Scott Street, Houston, Texas, 77003.
          On April 8, 2004, after Omni had defaulted on the interest payments,
SouthTrust accelerated the note and appointed Mark Tormey, as substitute trustee, to
post the Property for foreclosure sale on May 4, 2004. On April 30, 2004, Omni filed
bankruptcy, staying the sale. On September 30, 2004, the bankruptcy court lifted the
stay through an agreed order, pursuant to which SouthTrust would be permitted to
foreclose on the Property unless Omni fulfilled certain conditions. On November 15,
2004, after Omni had failed to fulfill the conditions, SouthTrust sent notice to Omni
at the address listed in the deed of trust, 1909 Scott Street, Houston, Texas, 77045,
of its intent to conduct a foreclosure sale on December 7, 2004. 
          Just prior to the December 7th sale, Omni notified SouthTrust that it had found
a lender to refinance the Property. The parties agreed that SouthTrust would pass on
the December 7th sale to allow time to assemble the refinance, but would otherwise
move forward with posting the Property for a January 2004 foreclosure sale, in the
event that the refinancing did not materialize. On December 13, 2004, SouthTrust,
through Tormey, again sent to Omni and Wade, by certified mail to the address listed
in the deed of trust, 1909 Scott Street, Houston, Texas,77045, and the guaranty
agreement, 2646 Dawn Star, Missouri City, Texas 77489, that the sale was re-posted
for foreclosure sale on January 4, 2005. 
          On January 4, 2005, after the refinancing failed to materialize, the foreclosure
sale proceeded, and SouthTrust purchased the Property. On March 3, 2005,
SouthTrust notified Omni that it must vacate the Property within 3 days. 
          SouthTrust and Wachovia merged. On May 13, 2005, Wachovia “successor
by merger to SouthTrust” assigned its interest in the Omni note to Buckeye and sold
the Property to Buckeye as part of an asset sales agreement. 
          Omni contends that it did not receive the certified mailing with notice of the
January 4, 2005 foreclosure sale, that it was first informed of the completed sale on 
January 11, 2005, that it received formal notice of the sale on February 25, 2005, and
that it received notice to vacate the Property on March 3, 2005. 
          Omni sued SouthTrust and Wachovia for wrongful foreclosure, breach of
contract, and various torts—including fraud, conspiracy, negligence, tortious
interference with contract and economic opportunity, violations of the deceptive trade
practices act and violations of the federal fair debt collection practices act. 
Specifically, as to its wrongful foreclosure claim, Omni contended that the notice of
foreclosure was defective because it was sent to the wrong address and did not
provide the requisite notice. Omni contended that the notice of foreclosure sale was
mailed to “1909 Scott Street, Houston, TX, 77045,” but that its proper address, “of
which appellees were aware, was 1909 Scott Street, Houston, TX, 77003.”
          In addition, Omni sued Buckeye for trespass to try title. Buckeye
counterclaimed for breach of contract, contending that Omni breached the loan
agreement and guaranty, seeking damages of $232,511.03, plus back taxes paid on
its behalf, and fees and costs.
          On April 3, 2006, SouthTrust and Wachovia moved for partial summary
judgment on Omni’s wrongful foreclosure claim on the basis that Omni had presented
no evidence of an irregularity in the foreclosure sale.
          On May 1, 2006, in its response to the motion for summary judgment, Omni
contended that SouthTrust and Wachovia failed to provide the requisite notice of
foreclosure because it was not sent to Omni at its last known address. As its summary
judgment evidence, Omni appended, inter alia, the affidavit of Wade, the loan
documents, the “Change in Terms Agreement,” the December 13, 2004 notice,
certified mail receipts, and photographs of envelopes.
 
          On June 15, 2006, Omni filed a cross-motion for partial summary judgment,
contending that there was an irregularity in the sale because Omni did not receive the
requisite notice by virtue of an incorrect zip code. 
          The trial court denied both motions for summary judgment.
          On September 15, 2006, SouthTrust and Wachovia moved for no-evidence and
traditional summary judgment as to all of Omni’s claims. SouthTrust and Wachovia
contended that “there is no dispute that Tormey mailed the notice to Omni at the
address given for Notice in the Deed of Trust: 1909 Scott Street 77045, 21 days
before the January 4, 2005, foreclosure sale.” SouthTrust and Wachovia contended
that even if the zip code was in error, “a zip code is not a necessary part of the
address,” and that it is undisputed that Omni never gave proper notice of an address
change. SouthTrust and Wachovia further contended that “Omni has no evidence that
it suffered damages as a result of the alleged wrongful foreclosure.” SouthTrust and
Wachovia appended, as its evidence, the loan documents, extensions, and “Change
of Terms Agreement”; the deed of trust; the December 13, 2004 notice of foreclosure
sale; the certified mail receipts; post office tracking information; the deposition of
Wade; and the affidavit of the trustee, Tormey, and of Kathy Ritchie, a person with
knowledge of the facts concerning the mailing of notice.
 
          On October 4, 2006, in its response to the motion for summary judgment, Omni
“concede[d],” inter alia, that 
          •        “Omni purchased a commercial property located at 1909 Scott Street,
Houston, Harris County, Texas on or about October 11, 2002.” 
          •        “The mailing address for [Omni] identified in the ‘construction loan
agreement’ of October 10, 2002, at page 21 was: 1909 Scott Street,
Houston Texas 77045.” 
          •        On February 3, 2004, the parties executed a change in terms so that the
“interest-only period” was moved to April 10, 2004. The mailing
address on the document is 1909 Scott Street, Houston, Texas 77003.
          •        On November 15, 2004, SouthTrust sent Omni a notice of acceleration
and posting stating that the property would be sold to the highest bidder
on December 7, 2004.
          •        The December sale was “properly noticed.”
          •        The postmark on the envelope for the January 4, 2005 sale is December
13, 2004.
          •        The address 1909 Scott Street, Houston, Texas 77045 “is not recognized
as a bad address.”
          •        Wade resides at and receives his personal mail at 1909 Scott Street,
Houston, Texas 77003.
          •        At the time Wade entered into the loan agreement with SouthTrust,
Wade did not reside at 2646 Dawn Star, Missouri City, Texas 77489.
          •        Wade sold 2646 Dawn Star, Missouri City, Texas 77489 in September
2002.
Omni contended that it “need only show that [SouthTrust and Wachovia] had on their
records ‘most [sic] recent address of the debtor and failed to mail a notice by certified
mail to that address. . . . The uncontroverted evidence shows this.” In addition, Omni
contended that “[t]he incorrect zip code constituted an irregularity in law.” Omni did
not attach any evidence to its response or expressly incorporate evidence by
reference.

          The trial court granted a no-evidence summary judgment for SouthTrust on
Omni’s wrongful foreclosure claim. In its order, the trial court stated that SouthTrust
had set out a no-evidence motion that complied with 166a(i) and that Omni’s
response “had no evidence attached to the legal instrument and the response did not
refer to any evidence attached thereto, in the Court’s file, attached to the defendants’
motion or anywhere else that might be found by the Court.” The trial court denied
summary judgment for Wachovia. 

          Buckeye moved for summary judgment on Omni’s trespass to try title claim,
contending that the claim failed as a matter of law because the trial court had “found
that the foreclosure was not wrongful” and because Omni lacked superior title to the
property by virtue of the foreclosure. Buckeye appended, as its evidence, the
documents transferring the Property and SouthTrust’s interest in the Omni note from
Wachovia to Buckeye.

          On December 15, 2006, Wachovia again moved for a no-evidence summary
judgment as to its liability on Omni’s wrongful foreclosure claim, contending that
there was no evidence of an irregularity in SouthTrust’s foreclosure or that Omni had
suffered damages as a result of a wrongful foreclosure by SouthTrust. In addition,
Wachovia asserted that because a no-evidence summary judgment had been granted
in favor of SouthTrust, and Omni’s claims against Wachovia stemmed from the same
allegations, summary judgment should be granted for Wachovia. Further, Wachovia
contended that because its only involvement in the lawsuit was as SouthTrust’s
successor by merger, Omni had no independent claim against Wachovia. 

          On January 17, 2007, in its response to the motion for summary judgment,
Omni re-asserted its defective notice argument and contended that Wachovia could
not assert that it was not liable as a successor in interest because it had failed to assert
a defect in capacity under Rule of Civil Procedure 93. Omni appended, as its
summary judgment evidence, the affidavit of Wade, the loan contract, the change in
terms agreement, warranty deed, photographs of envelopes, and USPS zip code
information, appraisals, and the quit claim deed to Buckeye.

          The trial court denied Wachovia’s motion for summary judgment, and the case
was transferred to the 80th District Court for trial on Omni’s wrongful foreclosure
claim against Wachovia and Omni’s trespass to try title claim against Buckeye.

          At a pre-trial conference, the 80th District Court reconsidered and granted
Wachovia’s motion for summary judgment on Omni’s wrongful foreclosure claim. 
In addition, the trial court granted partial summary judgment for Buckeye, ordering
that Omni and Wade take nothing by their claims against Buckeye on their trespass
to try title claim. 

          On April 19, 2007, the trial court granted partial summary judgment for
Buckeye on its counterclaims against Omni and Wade, ordering that Buckeye recover
from Omni and Wade, jointly and severally, $195,886.38 in damages, back taxes
paid, and attorney’s fees and costs. The trial court’s order states that it thereby
disposed of all parties and all claims in the suit, which resulted in a final judgment.

Summary Judgment

          In its first and second issues, Omni contends that the trial court erred by
granting summary judgment on its wrongful foreclosure claim in favor of SouthTrust
and Wachovia because notice of foreclosure failed to comply with Texas Property
Code section 51.002. In its third issue, Omni contends that the trial court erred by
granting summary judgment on its wrongful foreclosure claim in favor of Wachovia
because Wachovia failed to properly challenge the capacity in which it was sued
under Texas Rule of Civil Procedure 93. In its fourth issue, Omni contends that the
trial court erred by denying its motion for summary judgment as to Buckeye’s status
as bona fide purchaser.

 
 
A.      Standard of Review

          After an adequate time for discovery, the party without the burden of proof may
move for summary judgment, with or without presenting evidence, on the basis that
there is no evidence to support an essential element of the non-moving party’s claim. 
Tex. R. Civ. P. 166a(i). Once the movant specifies the element as to which there is
no evidence, the burden shifts to the non-movant to raise a fact issue on the
challenged element. Id.; Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006). “The court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact.” Tex. R. Civ. P. 166a(i). 
If the non-movant brings forward more than a scintilla of evidence that raises a
genuine issue of material fact, then summary judgment is not proper. Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). More than a scintilla exists when the
evidence “rises to a level that would enable reasonable and fair-minded people to
differ in their conclusions.” Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997) (quoting Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995)). 

          A no-evidence motion for summary judgment is essentially a motion for a pre-trial directed verdict. Tamez, 206 S.W.3d at 581–82. Once the motion is filed, the
burden shifts to the nonmoving party to present evidence raising a genuine issue of
material fact as to the elements specified in the motion. Id. at 582. “We review the
evidence presented by the motion and response in the light most favorable to the party
against whom summary judgment was rendered, crediting evidence favorable to that
party if reasonable jurors could, and disregarding contrary evidence unless reasonable
jurors could not.” Id.

B.      Wrongful Foreclosure

          In its first and second issues, Omni contends that the trial court erred by
granting summary judgment on its wrongful foreclosure claim in favor of SouthTrust
and Wachovia because notice of foreclosure failed to comply with Texas Property
Code section 51.002. Tex. Prop. Code Ann. § 51.002 (Vernon Supp. 2008). 
Specifically, the notice was sent to an incorrect zip code.

          A plaintiff seeking damages for wrongful foreclosure must show that (1) an
irregularity in the foreclosure sale (2) caused the plaintiff damages. Univ. Savings,
Ass’n v. Springwoods Shopping Ctr., 644 S.W.2d 705, 706 (Tex. 1982). 

          First, to lawfully foreclose on the Property, a mortgagee or trustee is required
to comply with the notice requirements set forth in the deed of trust and those
prescribed by law. See id.; Nat’l Commerce Bank v. Stiehl, 866 S.W.2d 706, 708
(Tex. App.—Houston [1st Dist.] 1993, no writ). 

 
          Here, paragraph 3.4 of the deed of trust provides that SouthTrust was required
to give notice to Omni of a proposed sale by certified mail “at least 21 days preceding
the date of the sale” and that 

[s]ervice of such notice shall be completed upon deposit of the notice,
enclosed in a postpaid wrapper, properly addressed to [Omni] . . . at [its]
most recent address as shown by the records of [SouthTrust], in a [USPS
depository]. . . . [Omni] agrees that no notice of any sale other than as
set out in this paragraph need by given by the Trustee, [SouthTrust], or
any other person. [Omni] designates as [Omni’s] address for the
purposes of such notice, the address set out below opposite [Omni’s]
signature. 

 
The deed of trust reflects that the address “opposite [Omni’s] signature” is “1909
Scott Street, Houston, TX, 77045.”

          Property Code section 51.002, which governs a sale of real property under a
power of sale conferred by a deed of trust, provides, in relevant part, as follows:

          (b)    . . . [N]otice of the sale, which must include a statement of the
earliest time at which the sale will begin, must be given at least 21
days before the date of the sale by: . . . (3) serving written notice
of the sale by certified mail on each debtor who, according to the
records of the mortgage servicer of the debt, is obligated to pay
the debt.
          . . . . 
          (d)     Notwithstanding any agreement to the contrary, the mortgage
servicer of the debt shall serve a debtor in default under a deed of
trust or other contract lien on real property used as the debtor’s
residence with written notice by certified mail stating that the
debtor is in default under the deed of trust or other contract lien
and giving the debtor at least 20 days to cure the default before
notice of sale can be given under Subsection (b). The entire
calendar day on which the notice required by this subsection is
given, regardless of the time of day at which the notice is given,
is included in computing the 20-day notice period required by this
subsection, and the entire calendar day on which notice of sale is
given under Subsection (b) is excluded in computing the 20-day
period.
          (e)     Service of a notice under this section by certified mail is complete
when the notice is deposited in the United States mail, postage
prepaid and addressed to the debtor at the debtor’s last known
address. The affidavit of a person knowledgeable of the facts to
the effect that service was completed is prima facie evidence of
service.
           . . . .
          (g)     The entire calendar day on which the notice of sale is given,
regardless of the time of day at which the notice is given, is
included in computing the 21-day period required by Subsection
(b), and the entire day of the foreclosure sale is excluded.

 
Tex. Prop. Code Ann. § 51.002 (Vernon Supp. 2008). 

          The term “debtor’s last known address” means:

the debtor’s last known address as shown by the records of the mortgage
servicer of the security instrument unless the debtor provided the current
mortgage servicer a written change of address before the date the
mortgage servicer mailed a notice required by Section 51.002. 

Id. § 51.0001. Pursuant to section 51.0021, “Notice of Change of Address Required”: 
“A debtor shall inform the mortgage servicer of the debt in a reasonable manner of
any change of address of the debtor for purposes of providing notice to the debtor
under Section 51.002.” Tex. Prop. Code Ann. § 51.0021 (Vernon 2007). Because
the purpose of the statute is to provide a minimum level of protection for the debtor,
only constructive notice of foreclosure is required. Onwuteaka v. Cohen, 846 S.W.2d
889, 892 (Tex. App.—Houston [1st Dist.] 1995, writ denied). 

          Second, the measure of damages for wrongful foreclosure is lost equity, that
is, the difference between the value of the property in question at the date of
foreclosure and the remaining balance due on the indebtedness. Farrell v. Hunt, 714
S.W.2d 298, 299 (Tex. 1986); C & K Invs. v. Fiesta Group, Inc., 248 S.W.3d 234, 254
(Tex. App.—Houston [1st Dist.] 2007, no pet.).

          1.       Summary Judgment in Favor of SouthTrust

          In its motion for no-evidence summary judgment as to Omni’s wrongful
foreclosure claim, SouthTrust contended that “there is no dispute that Tormey mailed
the notice to Omni at the address given for Notice in the Deed of Trust: 1909 Scott
Street 77045, 21 days before the January 4, 2005, foreclosure sale” and that it is
undisputed that Omni never gave proper notice of an address change. SouthTrust
contended that there was no evidence of an irregularity in the foreclosure sale or that
Omni suffered damages as a result of a wrongful foreclosure. 

          Once SouthTrust specified the elements as to which there was no evidence, the
burden shifted to Omni to present evidence raising a genuine issue of material fact as
to the challenged elements. See Tex. R. Civ. P. 166a(i); Tamez, 206 S.W.3d at 582.

 
          In its response, Omni contended that it “need only show that [SouthTrust] had
on their records ‘most [sic] recent address of the debtor and failed to mail a notice by
certified mail to that address” and that “[t]he uncontroverted evidence shows this.” 
Omni asserted that the Change in Terms Agreement shows a zip code of 77003. Omni
did not attach evidence to its motion or expressly incorporate evidence by reference. 

          The trial court granted a no-evidence summary judgment for SouthTrust,
stating in its order that Omni’s response “had no evidence attached to the legal
instrument and the response did not refer to any evidence attached thereto, in the
Court’s file, attached to the defendants’ motion [sic] or anywhere else that might be
found by the Court.” 

          The record shows that Omni did not attach any evidence to its response to
SouthTrust’s motion for no-evidence summary judgment that is the subject of the trial
court’s order and did not expressly incorporate evidence in the Court’s file or
attached to SouthTrust’s motion. Because Omni did not meet its burden to produce
any summary judgment evidence to raise a genuine issue of material fact, the trial
court was required to grant SouthTrust’s motion for no-evidence summary judgment. 
See Tex. R. Civ. P. 166a(i) (“The court must grant the motion unless the respondent
produces summary judgment evidence raising a genuine issue of material fact.”).

          2.       Summary Judgment in Favor of Wachovia

          Subsequent to the trial court’s granting of summary judgment in favor of
SouthTrust on Omni’s wrongful foreclosure claim, Wachovia again moved for
summary judgment as to Omni’s wrongful foreclosure claim. Wachovia asserted that
there was no evidence of an irregularity in the foreclosure sale conducted by
SouthTrust or of damages caused by a wrongful foreclosure by SouthTrust, and that
no liability existed as to Wachovia by virtue of the no-evidence summary judgment
rendered in favor of SouthTrust. The trial court did not, in its order granting
summary judgment in favor of Wachovia, state its basis. 

          In its response, Omni contended that Wachovia “failed to comply with the
statutory terms by sending notice to the wrong address” and that the loan documents
of Wachovia “evidence that, pursuant to the statute, the debt holder’s records
contained the last known address of” Omni and Wade. Omni appended to its motion,
as its summary judgment evidence relevant to this claim, the affidavit of Wade, the
loan contract, the change in terms agreement, warranty deed, photographs of
envelopes, and USPS zip code information, and appraisals.

          Hence, Omni challenges the summary judgment granted in favor of Wachovia
on the basis that Wachovia failed to comply with Property Code section 51.002. 
Section 51.002 governs mortgage services, mortgagees, and trustees who conduct a
sale of real property under a contract lien. See Tex. Prop. Code Ann. § 51.002(a). 
Omni does not point to any evidence that Wachovia was the mortgage servicer or the
mortgagee at the time of the January 4, 2005 foreclosure sale or that Wachovia
conducted the foreclosure sale. Hence, summary judgment in favor of Wachovia was
proper. See FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872–73 (Tex.
2000) (affirming summary judgment if any ground is meritorious when summary
judgment order does not specify the ground or grounds on which the trial court relied
for its ruling). 

          Accordingly, we overrule Omni’s first and second issues.

Bona Fide Purchaser Status

          In its fourth issue, Omni contends that the trial court erred by denying its
motion for summary judgment. Omni sought summary judgment that Buckeye was
not a bona fide purchaser. 

          Generally, appellate courts do not have jurisdiction to hear the denial of a
motion for summary judgment on appeal. Ackermann v. Vordenbaum, 403 S.W.2d
362, 365 (Tex. 1966). An exception applies when the trial court has denied one
motion and has granted the other. See Comm’rs Court v. Agan, 940 S.W.2d 77, 81
(Tex. 1997). This rule only applies, however, when both parties seek final judgment
relief in their motions. CU Lloyd’s of Tex. v. Feldman, 977 S.W.2d 568, 569 (Tex.
1998).

          Here, Omni sought summary judgment that, as a matter of law, Buckeye did not
enjoy bona fide purchaser status. The record shows that Omni did not, by its motion
for summary judgment, seek a final judgment on its trespass to try title claim. Hence,
we do not have jurisdiction to consider the denial of its motion for summary judgment
on this point.Rule of Civil Procedure 93

          In its third issue, Omni contends that the trial court erred by granting summary
judgment on its wrongful foreclosure claim because Wachovia failed to properly
challenge “the capacity in which [it was] sued,” under Texas Rule of Civil Procedure
93. Having concluded that summary judgment was properly granted in favor of
Wachovia on Omni’s wrongful foreclosure claim, we do not reach this issue. See FM
Props. Operating Co., 22 S.W.3d at 872–73. 

Conclusion



          We affirm the judgment of the trial court. 

 




                                                             Laura Carter Higley 

                                                             Justice



Panel consists of Justices Jennings, Keyes, and Higley.