**Opinion issued August 3, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00652-CV

_____

**VERONICA RODRIGUEZ AND JEANETTE RODRIGUEZ, Appellants**

**V.**

**JOSE JUAN REYES AND ALMA CANALES REYES, Appellees**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-33300**

---

## MEMORANDUM OPINION

This interlocutory appeal arises from the trial court's order denying a temporary injunction to enjoin a foreclosure sale of a residential property. For the reasons discussed below, we affirm the trial court's order.

## BACKGROUND

The relevant facts are undisputed. In 2009, appellant Jeanette Rodriguez bought a residential property, secured by a deed of trust, from the appellees, Jose Juan Reyes and Alma Canales Reyes. Under the deed of trust, Jeanette is the borrower and the grantor, and the appellees are the lenders and the beneficiaries. The deed of trust requires the beneficiaries—the appellants—to give notice of default:

> If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after *Beneficiary* gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may . . . request Trustee to foreclose this lien, in which case Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended . . . . (emphasis added)

Jeanette and her mother, appellant Veronica Rodriguez, lived together at the property for a few years until Jeanette moved to the house next door. Veronica still lives at the property. Although only Jeanette signed the deed of trust, Veronica was the one making payments under the note. Veronica defaulted on her loan payments in August 2021.

The appellees appointed their attorney, Bernardo Garcia, as the substitute trustee under the deed of trust in March 2022. A month later, Garcia sent Veronica and Jeanette a notice of default and intent to accelerate the loan. The letter stated:

> This Law Firm represent[s] Jose Juan Reyes and wife, Alma Canales Reyes, hereinafter referred to as "Lenders[.]"[]

2

One or more defaults have occurred under the Note and Deed of Trust because all of the monthly installments of Principal, Interest and Escrow that are due and payable by the terms of the Note and the Deed of Trust, have not been received.

Accordingly, as counsel for Lender and on behalf of Lender, notice of and demand is hereby made for payment of (i) all due and unpaid installments of principal, interest, and escrow; (ii) accrued and unpaid late fees; and (iii) attorney's fees, as itemized below.

Garcia later sent Veronica and Jeanette a notice of acceleration of the loan and notice of a nonjudicial foreclosure sale of the property, scheduled to take place June 7, 2022. Veronica and Jeanette filed this lawsuit asserting breach of contract, requesting a declaratory judgment that the substitute trustee acted improperly and that the loan was improperly accelerated, and requesting a temporary restraining order and temporary injunction to enjoin the scheduled foreclosure sale. The trial court issued a temporary restraining order and set the temporary injunction for hearing two weeks later.

After the hearing, the trial court denied the temporary injunction. Veronica and Jeanette filed this interlocutory appeal.

## DISCUSSION

Veronica and Jeanette argue the trial court erred in denying the temporary injunction. They argue they have evidence that the appellees violated a foreclosure statute by having the substitute trustee send the required default notice. Because strict compliance with foreclosure statutes is necessary for a valid foreclosure sale, Veronica and Jeanette argue a future foreclosure sale based on that default notice

3

would be void. Therefore, Veronica and Jeanette argue, the appellees should be enjoined from conducting the foreclosure sale.

## Temporary Injunction

### *Standard of Review*

The purpose of a temporary injunction is "to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The "status quo" is the "last, actual, peaceable, non-contested status which preceded the pending controversy." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016) (quoting *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding)). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Butnaru*, 84 S.W.3d at 204. To obtain a temporary injunction, the applicant must plead and prove: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* To show a probable right to the relief sought, the applicant does not need to offer evidence proving she will prevail on the merits; she need only "plead a cause of action and present some evidence that tends to sustain it." *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Invs., LLC*, 481 S.W.3d 336, 346 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 897 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

4

"The evidence must be sufficient to raise a bona fide issue as to the applicant's right to ultimate relief." *Id.* (quoting *Intercontinental Terminals*, 354 S.W.3d at 897). Particularly, to obtain a temporary injunction to enjoin a foreclosure, the applicant "must establish a probable right to recovery based on a lienholder's wrongful attempt to foreclose." *Alpha Adventure Ranch at Nocona, LLC v. Warrior Golf Mgmt., LLC*, No. 02-19-00030-CV, 2019 WL 6768123, at *2 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.).

We review a trial court's decision to grant or deny a temporary injunction for an abuse of discretion.[1] *Butnaru*, 84 S.W.3d at 204. "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or when it acts in an arbitrary or unreasonable manner." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). We may not substitute our judgment for that of the trial court. *Butnaru*, 84 S.W.3d at 204. We review the evidence submitted to the trial court in the light most favorable to its ruling, drawing all legitimate inferences from the evidence and deferring to the trial court's resolution of any conflicting evidence. *Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 748 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

---

[1] Appellate courts have jurisdiction to review a trial court's interlocutory order granting or refusing a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

*Applicable Law*

Chapter 51 of the Property Code governs nonjudicial foreclosure sales under a deed of trust. *See* TEX. PROP. CODE §§ 51.0001–51.016. A trustee is the person authorized to exercise the power of sale, and the beneficiary under a deed of trust may appoint a substitute trustee to succeed to all powers and duties of the original trustee. *Id.* §§ 51.0001(7), (8), 51.0075–76.

The trustee or substitute trustee is a "special agent" for both the beneficiary and the grantor under the deed of trust and must act "with absolute impartiality and with fairness to all concerned" when conducting a foreclosure sale. *Powell v. Stacy*, 117 S.W.3d 70, 74 (Tex. App.—Fort Worth 2003, no pet.). Section 51.0074(b) of the Property Code prohibits a trustee or substitute trustee from being assigned any duty under a deed of trust other than to exercise the power of sale in accordance with the terms of the deed of trust. TEX. PROP. CODE § 51.0074(b).

The trustee or substitute trustee must strictly comply with the terms of the deed of trust and all applicable statutes to lawfully foreclose on a property.[2] *See Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982)

---

[2] Section 51.002(d) of the Property Code imposes certain requirements for sending a default notice, but those requirements only apply when the property is the debtor's residence. *Parker v. Frost Nat'l Bank of San Antonio*, 852 S.W.2d 741, 745 (Tex. App.—Austin 1993, writ dism'd by agr.). Jeanette, the only debtor under the deed of trust, no longer lives at the property, so Section 51.002(d)'s requirements do not apply here.

("Texas courts have consistently held that the terms set out in a deed of trust must be strictly followed."); *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale."); *see also Stephenson v. LeBoeuf*, 16 S.W.3d 829, 836 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("The powers conferred upon a trustee in a deed of trust must be strictly followed.").

But a minor defect in an otherwise valid foreclosure proceeding does not void the entire proceeding. *Hemyari v. Stephens*, 355 S.W.3d 623, 628 (Tex. 2011) (per curiam) (defect in signature line of deed of trust did not void foreclosure sale); *Powell*, 117 S.W.3d at 74 (trustee's default notice stating incorrect amount due did not void foreclosure sale). A minor defect relating to a notice required under a deed of trust does not void a foreclosure sale when the borrower has actual notice and there is no prejudice or harm resulting from the defect. *See Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 675 (Tex. 1987) (failure to inform borrower of right to reinstate, as required by deed of trust, did not void foreclosure when borrowers had actual notice of right to reinstate); *Univ. Sav. Ass'n*, 644 S.W.2d at 706 (failure to record substitute trustee appointment before foreclosure sale did not void foreclosure sale conducted by substitute trustee when borrower had actual notice of substitute trustee's substitution and identity); *MMM 410 Bar & Grill, LLC*

*v. Fong*, No. 04-18-00156-CV, 2018 WL 5018767, at *3 (Tex. App.—San Antonio Oct. 17, 2018, no pet.) (mem. op.) (failure to send required default notice to address stated in deed of trust would not have voided foreclosure sale when borrowers had actual knowledge of default notice, in temporary-injunction appeal). If the defect affects notice to the public about the foreclosure sale, however, strict compliance must be observed because one of the purposes of Section 51.002 is to "adequately inform the third party public in order to maximize the likelihood of a profitable public sale at market value." *Jasper Fed. Sav. & Loan Ass'n*, 730 S.W.2d at 674–75; *see also Villa v. Villa*, 664 S.W.3d 415, 419 (Tex. App.—Eastland 2023, no pet.) (voiding foreclosure sale because public notice of foreclosure sale was posted and filed 20 days before sale instead of 21 days required by statute and deed of trust).

*Analysis*

Veronica and Jeanette argue the trial court abused its discretion in denying their request for a temporary injunction to enjoin the foreclosure sale because the appellees violated Section 51.0074(b) of the Property Code by assigning the substitute trustee a duty other than exercising the power of sale. Veronica and Jeannette argue the appellees assigned to Garcia the duty of sending the default notice required by the deed of trust. This violation, Veronica and Jeanette argue, shows the appellees did not strictly comply with the statute, and any foreclosure sale resulting from this default notice would be void. Thus, Veronica and Jeanette argue,

8

they can show a probable right to the relief they seek, and the trial court should have granted the temporary injunction.

Even assuming the appellees violated Section 51.0074(b) by assigning the substitute trustee an additional duty, Veronica and Jeanette have not shown a probable right to the relief they seek because they have not shown a resulting foreclosure sale would be void. Veronica and Jeanette do not argue the default notice was itself deficient. Nor do they dispute that the loan is in default or that they actually received the default notice and notice of acceleration[3] Garcia sent them; thus, they had actual notice. They have not shown any prejudice or harm resulting from their receiving the default notice from the substitute trustee rather than from the appellees themselves. This minor defect, when they had actual notice and suffered no prejudice or harm, would not void a foreclosure sale. *See Jasper Fed. Sav. & Loan Ass'n*, 730 S.W.2d at 675; *Univ. Sav. Ass'n*, 644 S.W.2d at 706; *MMM 410 Bar & Grill*, 2018 WL 5018767, at *3.

We further note that the default notice indicates Garcia sent the letter on behalf of appellees: "This Law Firm represent[s] Jose Juan Reyes and wife, Alma Canales Reyes, hereinafter referred to as 'Lenders[.]'" To the extent Veronica and Jeanette argue the substitute trustee's sending the default notice on behalf of the appellees

---

[3] In the trial court, Veronica and Jeanette also argued that the appellees improperly accelerated the loan, but they have not raised this issue on appeal, so we do not consider it here.

violated his duty to act with impartiality and fairness, a substitute trustee does not breach this duty by also representing a lender or beneficiary in his capacity as an attorney. *Powell*, 117 S.W.3d at 74 (holding substitute trustee did not breach his duty of fairness and impartiality by also representing lender as attorney and sending required notices of default). Nothing in these facts suggests that a foreclosure sale would be unfair or void because Veronica and Jeanette received the required default notice from Garcia rather than from the appellees themselves. Though we have found no case addressing this specific issue of a trustee or substitute trustee sending a notice required to be sent by the lender or mortgage servicer, some cases mention in passing a trustee or substitute trustee sending a required notice and find no fault with the practice. *See, e.g.*, *Jasper Fed. Sav. & Loan Ass'n*, 730 S.W.2d at 673 (noting that substitute trustee sent notice to borrowers informing them that their account was past due); *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 784, 787 (Tex. App.—Amarillo 2007, pet. denied) (explaining that lender, believing borrowers had defaulted on their loan, "contacted Harmon to act as its trustee for foreclosure proceedings" and, "[i]n furtherance of the foreclosure, Harmon sent notice to" borrowers); *Benitez v. Perales*, No. 01-00-00211-CV, 2002 WL 1981189, at *1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.) (not designated for publication) (noting that trustee sent borrower notice of default).

Even if the appellees violated Section 51.0074, which we do not determine on this interlocutory appeal, Veronica and Jeanette have not shown that this violation, based on receiving the required default notice from the substitute trustee rather than from the appellees themselves, would void a resulting foreclosure sale. Veronica and Jeanette received actual notice and did not suffer any harm or prejudice from the defect. *See Jasper Fed. Sav. & Loan Ass'n*, 730 S.W.2d at 675 *Univ. Sav. Ass'n*, 644 S.W.2d at 706; *MMM 410 Bar & Grill*, 2018 WL 5018767, at *3. Thus, they have not shown a probable right to the relief they seek, and the trial court did not abuse its discretion in denying the temporary injunction. *See Butnaru*, 84 S.W.3d at 204.

We overrule Veronica and Jeanette's sole issue.

## Appellate Sanctions

The appellees have requested that we award them damages because Veronica and Jeanette have pursued a frivolous appeal.

Rule 45 of the Texas Rules of Appellate Procedure authorizes an appellate court to award a prevailing party "just damages" for "frivolous" appeals. TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In objectively determining whether an appeal is frivolous, we view the record from the advocate's viewpoint and ask whether the advocate had reasonable grounds to believe the judgment could be reversed. *Smith*, 51 S.W.3d at 381. We exercise prudence and caution and carefully deliberate before awarding

11

appellate sanctions. *Id.* Rule 45 does not require us to award damages in every case in which an appeal is frivolous. *R. Hassell Builders, Inc. v. Texan Floor Serv., Ltd.*, 546 S.W.3d 816, 833 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). Instead, the decision to award damages falls within our discretion, and we will impose such damages only under egregious circumstances. *Id.*; *Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.).

We decline the appellees' request for damages under Rule 45.

## CONCLUSION

We affirm the trial court's order denying the temporary injunction.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Rivas-Molloy.

12