United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 04-20572

**EDWARD FANNING,**

**Plaintiff-Appellant,**

**versus**

**METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(4:02-CV-4544)**

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Edward Fanning challenges the summary judgment awarded Metropolitan Transit Authority (Metro) against his age discrimination and retaliation claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (ADEA). **AFFIRMED.**

I.

Metro employed Fanning as a manager of architecture in its planning, engineering, and construction department. Fanning's direct supervisor was Gary Lemley (age 51); John Mickelson (age 50)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was the department head.  On 9 November 2001, they met with Fanning to discuss their dissatisfaction with his work, including his recent inability to meet deadlines and his insubordinate communications with Metro executives.  They told Fanning they wanted to terminate his employment immediately, but offered him three options: resign; be fired; or take advantage of Metro's early retirement policy upon his upcoming 55th birthday in March 2002.  Fanning responded that they had violated federal law by suggesting he take early retirement.

Several days later, Fanning complained to Metro's human resources department (HR) about the 9 November meeting.  HR later placed Fanning on a 60-day corrective action program (CAP).

In February 2002, after he had been placed on the CAP, Fanning filed an age discrimination complaint with the EEOC, claiming the 9 November option and Lemley and Mickelson's subsequent inquiries about his retirement, constituted age discrimination.  The EEOC determined there was no basis for Fanning's claim and issued a right-to-sue letter in August 2002.  Fanning's employment was terminated after he received that letter.

Fanning brought this ADEA action against Metro, claiming age discrimination and retaliation.  After limited discovery, Metro moved for summary judgment, contending Fanning could not present a *prima facie* case for either claim.  Pursuant to the standard for such judgment, the district court held:  Fanning could not

2

establish a *prima facie* case for either claim; and, even if he could, he could not show that Metro's legitimate reasons for firing him were pretext for an underlying discriminatory motive.

Pursuant to Federal Rule of Civil Procedure 59(e), Fanning moved for reconsideration. He contended the court erred when it: (1) granted summary judgment prior to the deadline for production of compelled discovery; and (2) granted such judgment.

The district court denied the motion, holding: it was untimely; and, in the alternative, the timing of the summary judgment was not prejudicial to Fanning because the evidence he sought did not support his *prima facie* case.

## II.

Fanning appeals from the summary judgment and denial of his motion to reconsider. We address each in turn.

### A.

A summary judgment is reviewed *de novo*. *E.g.*, **GDF Realty Inv., Ltd. v. Norton**, 326 F.3d 622, 627 (5th Cir. 2003), *cert. denied*, 125 S. Ct. 2898 (2005). Such judgment is proper when "there is no genuine issue as to any material fact and ... the [movant] is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *e.g.*, **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986). All inferences must be drawn in favor of the nonmovant, **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 587-88 (1986); but, "there is no issue for trial unless there is

3

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted", *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted).

To establish a *prima facie* case of ADEA age discrimination, a plaintiff must show: "1) he was discharged; 2) he was qualified for his position; 3) he was within the protected class [over age 40]; and 4) he was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age". *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003) (quotation marks omitted). To establish a *prima facie* case of ADEA retaliation, a plaintiff must show: he was qualified for his position; and "(1) ... he engaged in a protected activity, (2) ... there was an adverse employment action, and (3) ... a causal link existed between the protected activity and the adverse employment action". *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (citation omitted).

The burden-shifting analysis presented in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to ADEA discrimination and retaliation claims when, as here, they are based on circumstantial evidence. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (ADEA retaliation); *West*, 330 F.3d at 384 (ADEA age discrimination). If the employee makes a *prima facie* showing, the

4

employer "must produce evidence of a legitimate, nondiscriminatory reason for its decision to terminate [plaintiff's] employment". *West*, 330 F.3d at 384*.* If the employer meets this requirement, the court must "decide whether [plaintiff] has proved intentional discrimination. To meet his burden of proof, [plaintiff] can rely on evidence that [the employer's] reason for terminating him was pretextual". *Id.* at 385 (internal citation omitted).

The district court held Fanning could not show a *prima facie* case for either claim because he did not present any direct or circumstantial evidence that he was fired for anything but personal or professional reasons. The court further determined that, even if Fanning could do so, he presented no evidence of discriminatory motive or retaliatory animus by Metro.

Fanning contends the district court erred in concluding: (1) he could not establish a *prima facie* case for either claim; (2) in response to Fanning's claims, Metro presented legitimate, non-discriminatory reasons for firing him; and (3) Fanning failed to present evidence that Metro's reasons for firing him were pretext. Fanning also maintains the district court refused incorrectly to apply the mixed-motive standard to his claims. Metro responds that Fanning did not meet his summary judgment burden of presenting a *prima facie* case for either claim because he could not show any evidence of discriminatory animus on Metro's part. In the alternative, Metro maintains the claims still fail as a matter of

law because Fanning could not produce any evidence that Metro's proffered motives for firing him were anything but professional.

Essentially for the reasons stated by the district court, Fanning's *prima facie* case for age discrimination fails because, *inter alia*, Lemley and Mickelson's offer at the 9 November 2001 meeting to allow him to resign when he reached early retirement age, instead of being fired earlier, is not evidence that Fanning was terminated because of his age. *See **Fagan v. New York State Elec. & Gas Corp.**, 186 F.3d 127, 133 (2d Cir. 1999).

Fanning's *prima facie* case for retaliation fails because he cannot establish a causal connection between his termination, planned since November 2001, and the ADEA-protected activities of complaining to HR or filing a claim with the EEOC. "Employers need not suspend previously planned [employment actions] upon discovering that a [claim with the EEOC] has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality". **Clark County Sch. Dist. v. Breeden**, 532 U.S. 268, 272 (2001).

Because summary judgment was proper based on Fanning's failure to establish a *prima facie* case for age discrimination or retaliation, we need not reach Fanning's contention that the district court applied the incorrect standard in examining whether he could prove pretext.

B.

The denial of a Rule 59(e) motion is reviewed for abuse of discretion. *E.g.*, **Fletcher v. Apfel**, 210 F.3d 510, 512 (5th Cir. 2000). In claiming abuse of discretion, Fanning asserts: (1) his motion was timely; and (2) summary judgment should not have been awarded before the deadline for a recently-granted motion to compel evidence, and, had the court waited until after that deadline, he could have presented evidence of pretext. Metro replies: Fanning waived any discovery issue when he did not move for a continuance under Rule 56(f) (party opposing summary judgment may seek continuance for further discovery if, for reasons stated, it cannot present facts adequate to justify opposition); and any error was harmless because, as Fanning acknowledged, the requested evidence concerned pretext and did not support his *prima facie* case for either claim.

Fanning's motion was timely. Pursuant to Rules 59(e) and 6(a), he filed it within the requisite ten days after the entry of the summary judgment order – not counting intervening Saturdays and Sundays.

In any event, the district court did not abuse its discretion in ruling, in the alternative, against the motion. "This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery

7

is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted). Further, our court has foreclosed a party's contention on appeal that it had inadequate time to marshal evidence to defend against summary judgment when the party did not seek Rule 56(f) relief before the summary judgment ruling. *Potter v. Delta Airlines*, 98 F.3d 881, 887 (5th Cir. 1996). A Rule 56(f) motion, not one for reconsideration, is the proper remedy for a party claiming summary judgment is inappropriate because of inadequate discovery. *E.g.*, *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Washington*, 901 F.2d at 1285.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

8