# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

No. 14-10826
Summary Calendar

CHONG H. CHOE; GRETCHEN H. CHOE,

Plaintiffs–Appellants

v.

BANK OF AMERICA, N.A.,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-120

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiffs–Appellants Chong Choe and Gretchen Choe sued Defendant–Appellee Bank of America, N.A. for breach of contract, fraud, and violations of the Texas Debt Collection Practices Act (DCPA) and the Texas Deceptive Trade Practices Act (DTPA) stemming from Bank of America's conduct in foreclosure proceedings and loan-modification negotiations. The district court dismissed all of the Choes' claims under Federal Rule of Civil Procedure 12(b)(6), save for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10826

the fraud claim, on which the district court later granted summary judgment. We affirm.

## I. BACKGROUND

In June 2009, Chong and Gretchen Choe, a married couple, obtained a loan from Bank of America secured by a mortgage on their home in Dallas, Texas.[1] The Choes fell behind on their mortgage payments, and in April 2012 they received a letter from Bank of America advising them of "several programs designed to help homeowners" and informing them that it was "possible that one could help." When the Choes contacted Bank of America to inquire about these programs, Bank of America assigned them Customer Service Representative Theresa Becker and instructed them to begin collecting pertinent documents and to review Bank of America's loan-assistance website. The website "advised that a [loan] modification would mean that missed payments would be rolled into a new loan and would be repaid by extending the loan." The Choes completed a loan-modification application and submitted the required documents to Bank of America in May 2012.

In June 2012, the Choes received separate letters from Bank of America informing them that their application had been denied because the "assistance requested was not an option" and the Choes' application was "incomplete." After speaking with Becker, the Choes gathered the missing records and resubmitted their application. The next month, the Choes contacted Becker to inquire into the status of their application. Becker stated that the Choes' request was "under review" and that the Choes "would not go into foreclosure."

In July 2012, while their loan-modification application supposedly was pending, the Choes made a mortgage payment. They allege in their complaint

---

[1] As most of the Choes' claims were disposed of on a Rule 12(b)(6) motion to dismiss, the facts of the case are drawn from the Choes' pleadings. Those facts particularly relevant to the summary-judgment motion are drawn from the record.

that they were "ready, willing, and able to continue to make mortgage payments" at this time, but they evidently made no additional payments.

In August 2012, Bank of America sent the Choes a letter indicating that they were not eligible for a federal Home Affordable Modification Program (HAMP) loan modification due to their debt-to-income ratio. But in a subsequent telephone call, the bank disclosed that the Choes' loan-modification application had been denied due to the bank's mislabeling of the Choes' second-quarter-2012 profit/loss statement. At Bank of America's request, the Choes again resubmitted their application, and the bank again confirmed—both via mail and via telephone—that it had received the application and had forwarded it to the appropriate department for review.

In September 2012, Becker called the Choes and informed them that, contrary to Bank of America's previous representations, she had not reviewed the Choes' application and had not reopened their loan-modification request because the bank still was not in possession of the Choes' second-quarter-2012 profit/loss statement. After the Choes resent their profit/loss statement to Bank of America, Becker informed the Choes that the bank needed other updated records, as the earlier-submitted records had gone stale. The Choes complied with this request and obtained Becker's assurance that no other documents would be needed to process their application. Nevertheless, on the day of this conversation and on the following day, Bank of America sent the Choes two foreclosure notices. Both notices were addressed to "Chong Choe and Gretchen H. Cole."

In October 2012, the Choes received more conflicting reports from Bank of America concerning the status of their loan-modification application. Bank of America sent the Choes one letter stating that their application was under review and one letter notifying them of a scheduled trustee sale of their home, and a customer service representative stated that "[the Choes'] file had been

flagged for a modification." Becker subsequently notified the Choes that their loan-modification application had been denied because they had "insufficient income" and "too many expenses." When the Choes asked whether Bank of America had considered Gretchen Choe's recent raise and the termination of Chong Choe's child-support obligations, Becker indicated that "despite being aware of [these facts], the loan modification had not considered [them]" and that the Choes would need to submit a new application specifying the change in circumstances. The Choes complied. They also checked the status of the application referenced by Becker on Bank of America's website and discovered that it had not been forwarded for review.

After receiving notice that the foreclosure sale was proceeding as scheduled, the Choes called Bank of America several times in November 2012 to inquire into the status of their loan-modification application. Although Becker advised the Choes that "there was no longer a foreclosure date . . . as [the Choes'] loan was being reviewed for a modification," Bank of America's customer service department notified the Choes in December 2012 that their application had been denied and a sale had been scheduled for January 2013.

On December 27, 2012, the Choes filed suit against Bank of America in Texas state court, alleging breach of contract, third-party beneficiary breach of contract, and fraud. They sought, *inter alia*, a temporary restraining order to prevent Bank of America from foreclosing on their home. After Bank of America removed the case and moved to dismiss, the Choes amended their complaint to add claims for negligence and violations of the DCPA and the DTPA. They alleged that Bank of America breached a contract to modify the Choes' loan and separately breached the promissory note and the deed of trust

4

by incorrectly addressing the notices of foreclosure to "Gretchen H. Cole."[2] As for their fraud claim, the Choes alleged that Bank of America misrepresented the status of their loan-modification application. The remaining claims—negligence and violations of the DCPA and the DTPA—were all premised on the flawed foreclosure notices.

After Bank of America successfully moved to dismiss the Choes' complaint, the Choes filed a second amended complaint, which supplemented their factual allegations and eliminated their claim for third-party beneficiary breach of contract. Bank of America again moved to dismiss under Rules 9(b) and 12(b)(6), and the district court granted the motion as to all of the Choes' claims except for their fraud claim.

After discovery concluded, Bank of America moved for summary judgment on the Choes' fraud claim. The district court granted the motion, finding that the Choes had failed to identify a genuine dispute of material fact concerning the "knowledge" element of their fraud claim—that is, that the bank either knew the statements were false or made them without knowledge of their truth.

The Choes filed a motion to alter or amend the judgment under Rule 59(e), citing both a manifest error of law in the district court's application of the knowledge standard and "newly discovered evidence" in the form of an affidavit by Chong Choe and the deposition testimony of Bank of America employee Monica Aguilar. They additionally asserted that Bank of America had impeded their ability to gather evidence necessary to defend against summary judgment by failing to make Becker available for a deposition and by designating Aguilar a corporate representative despite her unfamiliarity with

---

[2] The Choes premised their third-party beneficiary breach of contract claim on a federal consent judgment filed in the United States District Court for the District of Columbia.

the Choes' application. The district court denied the motion without considering the "new" evidence. This appeal followed.

## II.    JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over the Choes' suit pursuant to 28 U.S.C. § 1332. This Court has jurisdiction to review the district court's judgment of dismissal pursuant to 28 U.S.C. § 1291.

We review de novo the dismissal of a claim under Rule 12(b)(6). *Vanderbrook v. Unitrin Preferred Ins. Co.* (*In re Katrina Canal Breaches Litig.*), 495 F.3d 191, 205 (5th Cir. 2007). We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "To avoid dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 614 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Likewise, we review a grant of summary judgment de novo, applying the same legal standards as the district court. *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the nonmovant bears the ultimate burden of proof on an issue at trial, the movant may obtain summary judgment by disproving or showing an absence of evidentiary support for any essential element of the nonmovant's claim or defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see also Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). To defeat summary judgment, "the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). A court considering summary judgment must construe all facts and

evidence in the light most favorable to the nonmovant, must draw all reasonable inferences in favor of the non-movant, and must refrain from making credibility determinations and weighing the evidence. *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013).

By contrast, the standard of review we apply to the denial of a motion to alter or amend a judgment under Rule 59(e) is contingent on "whether the district court considered the materials attached to the . . . motion, which were not previously provided to the court." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Where, as here, the district court declined to consider the materials, we apply the abuse-of-discretion standard and assess only whether "the district court's decision and decision-making process [were] reasonable." *Id.*

## III.    DISCUSSION

The Choes raise five claims of error. We discuss each in turn.

## A.    Dismissal of Breach-of-Contract Claim Under Rule 12(b)(6)

The Choes first assert that the district court erroneously dismissed their breach-of-contract claim.[3]

A breach of contract claim under Texas law requires proof of four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Relatedly, "a party to a contract who is himself in

---

[3] Although the Choes alleged two separate breach-of-contract claims before the district court—one premised on an alleged contract to modify their loan and one premised on the note and the deed of trust—they press only the breach of the note and the deed of trust on appeal. Accordingly, they have abandoned any arguments relating to the purported loan-modification contract, *see Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993), and we limit our discussion to the note and the deed of trust.

default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted).

According to the Choes, Bank of America breached the express terms of the note and the deed of trust when it sent foreclosure notices addressed to "Gretchen H. Cole."[4] They point out that the note obligates Bank of America to give any notice required by law "by delivering it or by mailing it by first class mail to Borrower," with "Borrower" defined as "each person signing at the end of this Note"—here, Chong H. Choe and Gretchen H. Choe. "This requirement," they observe, "is similarly echoed in the deed of trust." In support of their argument, the Choes cite two Texas cases purportedly standing for the premise that "[t]he deed of trust must be followed according to the principle of strict compliance."

The Choes' arguments are unpersuasive. The Choes never alleged that they properly and continuously performed or tendered performance under the note or the deed of trust, or that they lawfully were excused from performance. Further, through their pleadings and the records properly before the district court, the Choes impliedly admitted to receiving actual notice of the foreclosure despite the misspelling of Gretchen Choe's name in the written notices. These facts are fatal to the second and third elements of their claim. *See Smith Int'l, Inc.*, 490 F.3d at 387. Further, insofar as the Choes remained in default of their obligations under the note and the deed of trust at the time they filed suit, they cannot maintain an action for breach of those contracts. *See Dobbins*, 785 S.W.2d at 378.

---

[4] As the district court correctly observed, the Choes' decision to attach the notice to their response, coupled with their references to the notice in their complaint, enabled the district court to review the record without transforming the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The same is true for the note and deed of trust, which Bank of America attached to its first motion to dismiss. *See id.*

No. 14-10826

The Choes' reliance on "the principle of strict compliance" is unavailing as well. The only pertinent authorities cited in the Choes' brief are drawn from contexts other than breach of contract. One case, *University Savings Ass'n v. Springwoods Shopping Center*, 644 S.W.2d 705, 705 (Tex. 1982), centers on a claim for wrongful foreclosure; the other case, *Myrads Properties, Inc. v. Lasalle Bank National Ass'n*, 252 S.W.3d 605, 607 (Tex. App.—Austin 2008), *rev'd*, 300 S.W.3d 746 (Tex. 2009), involves a challenge to a foreclosure sale. Though both cases indicate that a valid foreclosure sale requires "strict compliance" with the terms of a deed of trust, neither case supports the proposition that a failure to so "strictly" comply constitutes an actionable breach of contract. *See Univ. Sav. Ass'n*, 644 S.W.2d at 706; *Myrads Props., Inc.*, 252 S.W.3d at 615. If the Choes intended this reference to "strict compliance" to invoke the doctrine of material breach as an excuse from performance, they have abandoned any such argument through inadequate briefing. *See Yohey*, 985 F.2d at 224–25. We therefore find no error in the dismissal of the Choes' breach-of-contract claim.

## B.    Dismissal of DCPA and DTPA Claims Under Rule 12(b)(6)

The Choes next contend that the district court erred in ruling that they failed to state claims under the DCPA and the DTPA.

The Choes predicate their DCPA claim on the "defective notice" of foreclosure addressed to "Gretchen Cole." According to the Choes' complaint, the misspelling of Gretchen Choe's name violated the principle of "strict compliance" and therefore resulted in wrongful acceleration of the note—a per se violation of the DCPA.

Although the Choes do not specify the section of the DCPA that Bank of America violated through wrongful acceleration, they rely exclusively on cases applying the predecessor to Texas Finance Code § 392.301(a)(8), which prohibits a debt collector from "threatening to take an action prohibited by law." *See Rey*

*v. Acosta*, 860 S.W.2d 654, 659 (Tex. App.—El Paso 1993, no writ); *Dixon v. Brooks*, 604 S.W.2d 330, 334 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Notably, these cases interpret Texas Property Code § 51.002 or its predecessor, which set forth the mandatory statutory notice for foreclosure. *See Rey*, 860 S.W.2d at 659; *Dixon*, 604 S.W.2d at 334. Section 51.002 requires that a debtor be served "with written notice by certified mail," and it explains that "[s]ervice . . . is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(d)–(e). Texas courts have recognized that "[t]he general purpose of [§ 51.002] is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure." *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 720 (Tex. App.—Dallas 1995, no writ).

The Choes make no argument that the mailed notices failed to comply with Texas Property Code § 51.002. Moreover, their implicit admission of actual notice of the foreclosure precludes a DCPA claim founded on a violation of § 51.002. *See WTFO, Inc.*, 899 S.W.2d at 720. The Choes attempt to rely on the principle of "strict compliance" to support their claim of wrongful acceleration, but they fail to explain how an alleged violation of the note and deed of trust qualifies as a "threat[] to take an action prohibited by law" or a violation of any other provision of the DCPA. Although the Choes assert on appeal that Bank of America independently violated a different provision of the DCPA—Texas Finance Code § 392.304(a)(14)—by misrepresenting the status or nature of the loan-modification services it rendered, they neither pled this cause of action nor made this argument to the district court. Accordingly, we will not consider this claim on appeal, *see XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 152 (5th Cir. 2008), and we conclude that the district court committed no error in dismissing the DCPA claim.

As regards the DTPA, the Choes argue only that their claim should survive dismissal because a violation of the DCPA is independently actionable under the DTPA. They neither dispute the district court's ruling that they are not "consumers" within the meaning of the DTPA, *see Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724–25 (5th Cir. 2013), nor identify any basis for their DTPA claim other than the DCPA violation premised on "defective notice." Because we agree with the district court that the Choes failed to state a claim under the DCPA, and because the Choes have abandoned any alternative grounds for reversal, *see Yohey*, 985 F.2d at 255, we find no error in the dismissal of the DTPA claim.

## C.    Grant of Summary Judgment on Fraud Claim

The Choes' next claim of error centers on their fraud claim.

Under Texas law, the elements of fraud are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker either "knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion"; (4) the speaker made the representation with the intent that the other party act upon it; (5) the party in fact acted in reliance on the representation; and (6) the party suffered injury as a result. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

In their complaint, the Choes alleged three false, material misrepresentations by Bank of America: (1) that the documents they submitted with their loan-modification application were "under review"; (2) that the "loan would not go into foreclosure or that foreclosure had been stopped"; and (3) that "missed payments would be rolled into the new loan by extending the loan and/or forgiving part of the loan." The district court granted Bank of America's motion for summary judgment based on the absence of evidence of the third element of the Choes' fraud claim—Bank of America's knowledge of the falsity

of the representations or its recklessness disregard as to their truth. The district court reasoned that the Choes failed to cite relevant portions of the record in support of their argument, and the only evidence they proffered in opposition to Bank of America's motion—an affidavit from Gretchen Choe—contained "conclusory," "speculative," and "unsubstantiated" assertions that failed to create a genuine issue of material fact.

On appeal, the Choes contend that the district court erred by analyzing only the knowledge standard for the third element of fraud and ignoring the Choes' evidence that would satisfy the alternative, reckless-disregard standard. The Choes cite Gretchen Choe's affidavit to show that, at some point in the loan-modification-application process, they were "dual-tracked for both foreclosure and modification." From this point forward, they submit, "any representations, from customer service to the website, indicating that the Choes' loan request was under review, became reckless."

The Choes' arguments are without merit. The district court expressly found that the statements in Gretchen Choe's affidavit regarding Bank of America's presumed knowledge or reckless disregard were too conclusory and speculative to defeat a summary-judgment motion premised on the absence of competent evidence of that element. Indeed, once Bank of America charged that evidence of that essential element was lacking, the burden shifted to the Choes to go "beyond the pleadings" and identify "specific facts indicating a genuine issue for trial," *see LeMaire*, 480 F.3d at 387. The Choes' reliance on Gretchen Choe's affidavit, which necessarily could speak only to the Choes' perceptions of Bank of America's knowledge and the company's intentions with regard to the Choes' loan, failed to discharge this burden. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ("Summary judgment, to be sure, may be appropriate, even in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations,

No. 14-10826

improbable inferences, and unsupported speculation." (internal quotation marks omitted)).

Before this Court, the Choes continue to rest on Gretchen Choe's affidavit; they do not now point to any other evidence sufficient to create a genuine dispute of material fact on the element of knowledge. Nor, for that matter, do they cite any law that would support their characterization of recklessness on these facts. Correspondingly, we find no error in the award of summary judgment.

**E.    Denial of Motion to Alter or Amend Judgment**

For their final point of error, the Choes assert that the district court improperly denied their motion to alter or amend the judgment under Rule 59(e). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). In their motion, the Choes charged (1) clear error in the district court's application of the knowledge standard, (2) the need to avoid manifest injustice by acquiescing in Bank of America's alleged discovery abuse, and (3) newly discovered evidence. In denying the motion, the district court observed that it had found evidence of both knowledge and recklessness lacking, that the Choes should have raised the discovery dispute in a Rule 37(a) motion to compel or a Rule 56(d) motion for continuance, and that the "new evidence"—another affidavit from Gretchen Choe and the deposition testimony of Bank of America employee Monica Aguilar—was available to the Choes when they responded to the summary-judgment motion.

On appeal, the Choes make only one argument for the relief they seek: the district court clearly erred in granting summary judgment because "the underlying condition for filing the Rule 56 motion was deficient"—owing to its discovery abuse, Bank of America did not, and indeed could not, demonstrate

13

that it held a belief that no genuine dispute of material fact existed on the element of knowledge. The Choes' position seems to be that, because Bank of America failed to provide Becker for a deposition and instead designated as a witness an employee with no knowledge of the Choes' case, it not only prevented the Choes from responding to the bank's motion for summary judgment, but also precluded the bank itself from claiming the absence of evidence on an element of the Choes' fraud claim.

This argument finds no support in our law. There is no "belief" condition precedent to filing a motion for summary judgment. *See* Fed. R. Civ. P. 56(a). Indeed, in *Celotex Corp. v. Catrett*, the Supreme Court rejected the proposition that "the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact," explaining that, instead, "the burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. 317, 325 (1986).

Further, as the district court observed, a Rule 59(e) motion is not the proper vehicle for raising discovery disputes for the first time. *See, e.g., Fanning v. Metro. Transit Auth. of Harris Cnty., Tex.*, 141 F. App'x 311, 315 (5th Cir. 2005) (per curiam) (citing *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719–20 (5th Cir. 1999)). The Choes were aware of Bank of America's recalcitrance by February 17, 2014, at the latest, when Bank of America provided Aguilar and not Becker for a deposition. Discovery was scheduled to conclude by February 28, 2014, and Bank of America moved for summary judgment one month later, on March 26, 2014. At no time before filing their Rule 59(e) motion did the Choes inform the district court of their discovery concerns or move for appropriate relief. Under these circumstances, we cannot say that the district court's decision and decisionmaking process were unreasonable, no less an abuse of discretion. *See Templet*, 367 F.3d at 477.

No. 14-10826

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.