# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40837
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2015

Lyle W. Cayce
Clerk

WILFREDO RIVERA; INES DEL C. RIVERA,

Plaintiffs–Appellants,

v.

BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-195

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

This is a mortgage-foreclosure case arising under Texas state law. The sole issue on appeal is whether the statute of limitations bars Defendants–Appellees from accelerating the loan and foreclosing. Plaintiffs–Appellants

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40837

Wilfredo and Ines Rivera appeal the district court's decision granting Appellees' motion for summary judgment on their Texas state-law claims.

The Riveras insist that Appellees' right to foreclose is time-barred. The Riveras received an acceleration notice in 2004, meaning that, according to the Riveras, Defendant–Appellee Bank of America, N.A.'s (Bank of America) foreclosure efforts in 2013 were untimely under Texas Civil Practice and Remedies Code § 13.605(e)'s four-year statute of limitations for foreclosure actions. Because the Riveras made, and the lender accepted, payments in 2006, we hold that Appellees abandoned the acceleration clause until Bank of America invoked its right to accelerate the balance in 2010. Thus, Bank of America's foreclosure action in 2013 was within the four-year limitations period, and we affirm summary judgment for Defendants–Appellees.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. In 2001, the Riveras obtained a home-equity loan to refinance their mortgage. The loan was secured by a deed of trust naming Defendant–Appellee Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary. (The note was ultimately assigned to Defendant–Appellee Bank of America, N.A., as successor by merger to Countrywide Home Loans.) The loan agreement contained an acceleration clause that entitled the lender, in the event of several missed payments, to accelerate the loan—requiring the borrower to either immediately pay the total balance or face foreclosure.

The Riveras defaulted on their loan payments in 2003. In January 2004, the Riveras received a letter informing them that the lender intended to invoke the acceleration clause. In May 2004, the Riveras filed for Chapter 13 bankruptcy. After their first bankruptcy petition was dismissed in April 2005, the Riveras again filed for bankruptcy in May 2005, and their second bankruptcy filing was closed in July 2005.

No. 14-40837

In 2006, the Riveras made, and the lender accepted, several payments on the note which were applied to the balance. These payments brought the loan current through March 2004.

In 2010, Bank of America sent the Riveras a notice of default and intent to accelerate the entire balance of the loan.

In 2012, Bank of America sent the Riveras a loan modification application under the federal Making Homes Affordable Program. This application begat a Kafkaesque saga in which the Riveras repeatedly sent completed applications and forms to Bank of America, only to hear from Bank of America either that the documents had been sent to the wrong place, or that the documents were incomplete—a troubling "run around" situation with which this Court is unfortunately all too familiar. *See, e.g.*, *Choe v. Bank of Am., N.A.*, No. 14-10826, at \*2–4 (5th Cir. Mar. 23, 2015) (per curiam) (unpublished); *Watson v. CitiMortgage, Inc.*, 530 F. App'x 322, 324 (5th Cir. 2013) (per curiam).

In February 2013, Bank of America notified the Riveras that their home would be posted for foreclosure sale on March 5, 2013.

After inquiring again with Bank of America about the status of their loan-modification application and after receiving no meaningful response, the Riveras sued Bank of America and MERS in Texas state court seeking, *inter alia*, a declaratory judgment prohibiting Bank of America from foreclosing because the statute of limitations had run.

Defendants–Appellees removed to federal district court invoking diversity jurisdiction, and the district court adopted the magistrate judge's recommendation to grant summary judgment to Defendants–Appellees. The Riveras timely appeal.

No. 14-40837

## II. DISCUSSION

The district court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291. We apply Texas substantive law and federal procedural law to the state-law claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). We review a grant of summary judgment de novo applying the same standard as the district court. *Auguster v. Vermilon Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Auguster*, 249 F.3d at 402.

On appeal, the Riveras argue Appellees were "barred by the statute of limitations from enforcing the Deed of Trust lien" and foreclosing on the Riveras' home. We disagree.

Under Texas law, a secured lender must foreclose on its "real property lien not later than four years after . . . the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). If the "deed of trust secured by real property contains an optional acceleration clause, default does not [of itself] start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Even if the noteholder notifies the borrower of the holder's intent to accelerate, "the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.* at 566–67.

The central issue on appeal is whether Bank of America "abandoned acceleration" by continuing to accept payments from the Riveras in 2006, or whether the cause of action accrued when the Riveras were first notified of the

4

lender's intent to accelerate in 2004. The Riveras admit that they made payments in 2006, which Bank of America "applied retroactively to Appellants' . . . 2004 payments." But, relying on an intermediate appellate decision, *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.), the Riveras contend there exists a fact issue whether Bank of America exacted remedies and thus acted inconsistently with abandonment. Bank of America counters that, between its acceptance of the Riveras' payment in 2006, the notice of default in 2010, and the Riveras' loan-modification application documents through 2012, the parties treated Bank of America's prior acceleration as abandoned until Bank of America invoked the acceleration clause in 2010. In reply, the Riveras stress that their 2006 payment was applied "retroactively" to their missed payments from 2004 and that Bank of America failed "to foreclose on the property prior to August 2011." Appellants contend that they have provided "sufficient summary judgment evidence to create a fact issue whether acceleration had been abandoned."[1]

We hold that Bank of America abandoned its prior acceleration by accepting continued payments and that its foreclosure claim was timely. The undisputed evidence establishes that Bank of America accepted payments from the Riveras in 2006. The Riveras do not point to contrary summary-judgment evidence that Bank of America nonetheless invoked its right to accelerate the loan and foreclose at any other point before 2010. Thus, Bank of America effectively abandoned its prior acceleration in 2004 by accepting payments in 2006. *See Holy Cross*, 44 S.W.3d at 566–67. Thus, the cause of action did not accrue until Bank of America again invoked the acceleration

---

[1] The Riveras do not provide case law distinguishing between payments made and accepted as *retroactively* applicable to previously missed payments—as opposed to payments accepted for prospective obligations. We do not see how this distinction makes a difference under Texas law.

No. 14-40837

clause in 2010. Accordingly, Bank of America's foreclosure action in 2013 was within the four-year limitations period.

The Riveras' reliance on *Khan* is misplaced. The procedural posture of *Khan* is exactly opposite of this case. In *Khan*, the note holder—rather than the borrower—obtained appellate relief from an adverse summary-judgment ruling. 371 S.W.3d at 350–52, 356. The trial court ruled that accepting payments during a bankruptcy proceeding did not establish abandonment and granted the borrower's motion for summary judgment, holding that the foreclosure action was time-barred. The intermediate appellate court reversed. *Id.* at 354–56. The appeals court noted that four payments were made and accepted by the lender "*after* the bankruptcy was dismissed." *Id.* at 355 (emphasis added). The court stressed that "[i]t has been the law of Texas at least since 1901 that the parties can abandon acceleration and restore the contract by the parties' agreement or *actions*." *Id.* at 356 (emphasis added). The court concluded that Bank of Texas's actions in "accept[ing] payment on the Note . . . after acceleration without exacting any remedies available to it" created a "material fact issue as to the abandonment of acceleration of the Note." *Id.* at 356. Thus, *Khan* supports the district court's ruling in this case that Bank of America's actions here—accepting the Riveras' payments on the note in 2006—is evidence of abandonment. Because the Riveras do not point to any competent contrary evidence, the district court correctly granted Defendants–Appellees' motion for summary judgment.

## III.    CONCLUSION

For the foregoing reasons, the judgment of district court is AFFIRMED.