# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20362
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2016

Lyle W. Cayce
Clerk

MANUEL TORRES-APONTE,

      Plaintiff – Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

      Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2573

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Manuel Torres-Aponte filed this lawsuit in state court against JP Morgan Chase Bank (Chase) to prevent Chase from foreclosing on his home. After Chase removed the case, the district court dismissed Torres-Aponte's

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Torres-Aponte appeals the dismissal.[1] We AFFIRM.

We review *de novo* the district court's order granting a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009). We accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Id.* To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Documents that a defendant attaches to a motion to dismiss—here the note, deed of trust, and July 2011 forbearance approval letter[2]—are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

Torres-Aponte alleges that Chase breached its contract and committed common-law fraud when it instructed him to forego making his mortgage payments in July and August 2011 after he lost his job and then refused to accept his January 2012 payment despite Torres-Aponte's having made his monthly payments in September, October, November, and December of 2011.

Torres-Aponte's breach of contract claim fails. The deed of trust permitted Chase to return any payment or partial payment insufficient to bring the loan current, and Torres-Aponte's pleading establishes that he was at least two payments behind when he proffered the January 2012 payment, so Chase did not breach the contract by refusing to accept the payment. The July 2011 forbearance letter did not establish a contrary obligation, as it

---

[1] The district court's order dismissing Torres-Aponte's claims contained no explanation of the district court's reasoning. Torres-Aponte is therefore unable to narrow the issues on appeal.

[2] The July 2011 letter was also expressly incorporated into Torres-Aponte's pleading.

provided that the forbearance period expired on the date Torres-Aponte obtained employment, which occurred by December 2011.  Moreover, Torres-Aponte remained in default when he filed this lawsuit, foreclosing his breach of contract claim.  *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a well established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'") (citation omitted); *Choe v. Bank of Am., N.A.*, 605 F. App'x 316, 321 (5th Cir. 2015) ("insofar as the Choes remained in default of their obligations under the note and the deed of trust at the time they filed suit, they cannot maintain an action for breach of those contracts.").  Chase's alleged oral statement that Torres-Aponte should not make his July and August 2011 payments does not alter his obligation, particularly in light of his allegation that he knew he would need to make up those payments.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding that an agreement to modify a loan agreement for over $50,000 must be in writing to be valid under Texas's statute of frauds); Tex. Bus. & Com. Code § 26.02(b).

Torres-Aponte's fraud claim also fails.  In alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires the plaintiff to plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (citation omitted). Torres-Aponte pleads only that Chase "represented that Plaintiff could and should forego making his payments for July and August, 2011, and that making payments pursuant to the Forbearance program in September, 2011 and thereafter would be considered substantial performance."  This fails to satisfy the strict requirements of Rule 9(b).  *See id.*  Moreover, a fraud claim under Texas law requires that the defendant misrepresented a material fact.

*United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 566 (5th Cir. 2005). A promise of future performance does not constitute actionable fraud under Texas law unless the promisor did not intend to perform at the moment he made his promise. *Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir. 1994). Because Torres-Aponte did not allege that Chase misrepresented a material fact or that any future promise was made without intent to perform, he has not stated a claim for fraud.

Torres-Aponte's amended complaint also lists causes of action for "waiver and equitable estoppel" and injunctive relief. Torres-Aponte's argument that Chase waived its right to claim a default on the loan is contradicted by the forbearance letter, which expressly provides that it is not a waiver of any default or acceleration of the loan. The note and deed of trust also contain anti-waiver provisions. *See Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015) ("We take [language in deed of trust disclaiming waiver] at face value."). Torres-Aponte's remaining claims do not allege causes of action. "Equitable estoppel is not a cause of action but may be asserted as a defensive plea to bar a defendant from raising a particular defense." *Doe v. Roman Catholic Archdiocese of Galveston-Houston ex rel. Dinardo*, 362 S.W.3d 803, 810 (Tex. App.–Houston [14th Dist.] 2012, no pet.). Injunctive relief is a remedy and not an independent cause of action under Texas law. *Massey v. EMC Mortgage Corp.*, 546 F. App'x 477, 483 & n.8 (5th Cir. 2013) (affirming dismissal of request for injunctive relief where other claims failed).

Accordingly, we AFFIRM the district court's judgment dismissing Torres-Aponte's claims against Chase.