# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2021

Lyle W. Cayce
Clerk

No. 20-11226
Summary Calendar

Julie A. Green,

*Plaintiff—Appellant*,

*versus*

Windsor Park Asset Holding Trust; RoundPoint Mortgage Servicing Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-875

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Julie Green appeals the district court's grant of summary judgment to Windsor Park Asset Holding Trust and RoundPoint Mortgage Servicing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11226

Corporation (collectively, "Defendants") and consequent dismissal of all of Green's claims with prejudice. We AFFIRM.

## I.     Background

Defendants attempted to foreclose on Green's house by sending a notice of foreclosure to both her last known mailing address and her house address. Green's last known mailing address was P.O. Box 2162, Hurst, Texas 76053 (the "Hurst address"). Green's house address, as listed on the loan and on the deed of trust on her house, was 613 Blue Ridge, Fort Worth, Texas 76179 (the "Fort Worth address"). Despite stating in her complaint that her house address was the Fort Worth address, Green later contended that her house address actually was 613 Blue Ridge Trail, Saginaw, Texas 76179 (the "Saginaw address").[1]

After Defendants sent the notice of foreclosure to the Hurst and Fort Worth addresses, Green submitted a completed borrower assistance application for her house in an attempt to postpone the foreclosure. Consequently, RoundPoint notified Green at her Hurst address that, although it would make every effort to expedite review of her application, it could not guarantee postponement of the foreclosure sale. A few days before the date of the foreclosure sale, RoundPoint informed Green at her Hurst address that she did not qualify for borrower assistance.

Green then sought a temporary restraining order and injunction against Defendants to prohibit the scheduled foreclosure in state court. She alleged that Defendants failed to strictly comply with the timing requirement

---

[1] We note that we use these terms—the "Saginaw address" and the "Fort Worth address"—only for purposes of discussion. Green points to nothing that proves that these addresses represent two different houses rather than the same house with two different addresses.

for foreclosure and brought, among other claims, a breach-of-contract claim. The state court entered a temporary restraining order, enjoining the foreclosure.

Defendants then timely removed the case to federal court and moved for summary judgment. In response, Green asserted for the first time that Defendants breached their obligations in the deed of trust because the foreclosure notice was not sent to her Saginaw address, and she thereby never received the notice at that address. The district court concluded that the summary judgment evidence belied Green's argument, as the loan and deed of trust both listed the Fort Worth address as the house's address. It therefore granted summary judgment to Defendants, and dismissed Green's claims with prejudice. Green timely appealed.

## II. Discussion

The sole issue on appeal is whether Defendants' failure to send the foreclosure notice to the Saginaw address establishes a genuine material fact issue as to Green's breach-of-contract claim.[2] We review the district court's grant of summary judgment de novo and "view all facts and evidence in the light most favorable to the non-moving party," *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015), to determine whether the district court properly concluded that "there is no genuine dispute of material fact," FED. R. CIV. P. 56(a). "We may affirm for reasons other than those relied upon by the district court." *LLEH, Inc. v. Wichita Cnty.*, 289 F.3d 358, 364

---

[2] Green does not raise any arguments with respect to her other claims that were dismissed with prejudice. Accordingly, we do not address them. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) (noting that "the failure to provide any legal or factual analysis of an issue results in waiver of that issue").

(5th Cir. 2002) (internal alterations and quotation omitted). We affirm for three reasons.

First, Green's breach-of-contract claim in her complaint alleged that Defendants violated conditions in the deed of trust, but she never explained which part of the deed was violated. It was only in response to Defendants' summary judgment motion that Green identified the deed's notice requirement as the specific violation. Her failure to specify her breach-of-contract claim in her complaint warrants dismissal of that claim. *Sims v. City of Madisonville*, 894 F.3d 632, 643 (5th Cir. 2018) (per curiam) (affirming a district court's summary judgment dismissing a plaintiff's vague constitutional claim that was only specified in response to the defendant's motion for summary judgment); *see also De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (per curiam) (affirming a district court's dismissal of the plaintiffs' breach-of-contract claim because their complaint did not allege the breach with "any particularity" until their motion opposing summary judgment).

Second, even if Green properly raised a breach-of-contract claim, it fails on the merits. The relevant law provides that notice of foreclosure must be mailed to the borrower's "last known address." TEX. PROP. CODE ANN. § 51.002(e). The "last known address" for a "debt secured by the debtor's residence" is the address for that residence unless the debtor provides the lender "a written change of address." *Id.* § 51.0001(2)(A). As the district court acknowledged, both the loan and the deed of trust list Green's residence as the Fort Worth address. The only reference to Saginaw in these documents is in the legal description of the property, which states that Green's home is "located in . . . Lot 14, . . . an addition to the city of Saginaw." Further, Green never provided Defendants with a written change

of address.  Accordingly, there is no genuine material fact dispute regarding Green's breach-of-contract claim.[3]

Lastly, even if Defendants breached their notice obligations, summary judgment is proper because Green did not raise a genuine material fact issue regarding damages resulting from the breach.  *See Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010, pet. denied) (noting that a breach-of-contract claim requires establishing damages). Green prevailed in obtaining a temporary restraining order on the foreclosure in state court, and no foreclosure occurred.  Although Green now seeks attorney's fees, those are not damages.  *In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 172–73 (Tex. 2013); *see also Cross v. Bank of N.Y. Mellon as Tr. CWALT 2004-30B*, 790 F. App'x 647, 648 (5th Cir. 2020) (per curiam) (affirming a dismissal of a breach-of-contract claim because the plaintiff had not alleged any damages since no foreclosure had occurred).  Consequently, Green fails to establish a genuine material fact dispute regarding her breach-of-contract claim.

AFFIRMED.

---

[3] In any event, Green implicitly acknowledges that she receives mail at her Hurst address—her last known mailing address—by arguing only that she did not receive foreclosure notices at the Fort Worth address.  If she had not received the notices at either address, presumably, she would have alleged as much in her complaint.  It therefore stands to reason that she received the foreclosure notices at her Hurst address; this implicit admission defeats her breach-of-contract claim.  *See Choe v. Bank of Am., N.A.*, 605 F. App'x 316, 322 (5th Cir. 2015) (per curiam) (holding that "implicit admission of actual notice of the foreclosure precludes a . . . claim founded on a violation of § 51.002").