# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2024

Lyle W. Cayce
Clerk

No. 23-40370

HSBC Bank USA, N.A., *as trustee for* Merrill Lynch Mortgage Investors, Incorporated, Mortgage Pass-Through Certificates, MANA Series 2007-AFI,

*Plaintiff—Appellee*,

*versus*

Paul Wesley Klinger, Jr.; Mindee Karine Klinger,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-148

_____

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Defendants-Appellants Paul and Mindee Klinger appeal the district court's grant of summary judgment to Plaintiff-Appellee HSBC Bank in this mortgage-foreclosure suit. Because the bank did not demonstrate a clear and unequivocal intent to abandon acceleration of the Klingers' loan, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40370

I

In 2006, the Klingers executed a home equity note payable to GreenPoint Mortgage Funding, Inc. for the amount of $1,200,000.00. In addition, they signed a corresponding Texas Home Equity Security Instrument, which is referred to here as the Deed of Trust. The Deed of Trust granted GreenPoint a security interest in the real property located at 15141 Lakeview Drive, Beach City, Texas, 77520. GreenPoint then assigned its interest to the bank in 2019.

Under the terms of the loan agreement, the Klingers were required to pay the principal and interest on the debt evidenced by the Note, as well as any charges and fees due under the Note. The loan agreement further provided that the lender may enforce the Deed of Trust by selling the property according to law and in accordance with the provisions set out in the loan agreement if the borrowers failed to make payments.

In 2013, the Klingers defaulted on the mortgage. Accordingly, Ocwen, the bank's loan servicer, sent the Klingers a Notice of Default. The Notice informed the Klingers that they needed to make payment of the entire amount past due plus any amount becoming due on or before December 13, 2018, to cure the default. The Notice further stated that failure to cure the default would result in the acceleration of the sums secured by the Deed of Trust and the sale of the property. The default was not cured.

The bank or its loan servicer then communicated with the Klingers three times. First, in January 2019, the Klingers received notice of acceleration. Then, in March 2019, the loan servicer informed the Klingers that they were approved for a Trial Period Plan. Under the Trial Period Plan, the Klingers would be required to make three payments of $9,872.08, due on April 1, 2019, May 1, 2019, and June 1, 2019. Compliance with the plan would lead to a modified payment agreement. Notably, the Trial-Period-Plan letter

expressly disclaimed any intent to waive the bank's January 2019 acceleration. Finally, in June 2019, the Klingers were notified that the servicing of the loan agreement would be transferred from Ocwen to PHH Mortgage Services as the result of a merger. The transfer letter noted that the loan's required monthly payment was $9,211.00 and that the "next monthly payment" was "due on 12/1/2013."

Mr. Klinger first responded to the Trial Period Plan offer by saying that he was "agreeable" to the Plan and requesting that the first payment be moved to May 1, 2019. Ocwen rejected this request but gave the Klingers until the end of April to submit their first payment. The Klingers then made their first payment on April 27, 2019. Ocwen accepted and applied this payment. But the Klingers failed to make the subsequent two payments required under the Trial Period Plan.

## II

The bank filed suit against the Klingers seeking a declaratory judgment allowing non-judicial foreclosure of the property for failure to make monthly payments due on the Note. The bank moved for summary judgment. The district court granted the motion, allowing the bank to proceed with foreclosure of the mortgaged real property. The Klingers timely appealed.

## III

"We review a district court's grant of summary judgment de novo, applying the same standard as the district court." *Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 176 (5th Cir. 2018). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jatera Corp. v. US Bank*

No. 23-40370

*Nat'l Ass'n*, 917 F.3d 831, 834 (5th Cir. 2019) (quoting *Bitterroot Holdings, L.L.C. v. MTGLQ Invs., L.P.*, 648 F. App'x 414, 417 (5th Cir. 2016)).

IV

The Klingers argue that the district court erred by granting summary judgment to the bank because the Klingers did not receive proper notice of default and acceleration, as required for a non-judicial foreclosure under the Texas Property Code. We disagree.

To foreclose under a security instrument in Texas, the lender must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Bowman v. CitiMortgage Inc.*, 768 F. App'x 220, 223 (5th Cir. 2019) (quoting *Huston v. United States Bank Nat'l Ass'n*, 988 F. Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)); Tex. Prop. Code § 51.002. The Klingers concede that the bank satisfied the first three requirements. However, they argue that the bank is not entitled to foreclose because it abandoned its January 2019 acceleration before filing for non-judicial foreclosure.

In Texas, "[e]ffective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Both notices must be 'clear and unequivocal.'" *Id.* (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)). Whether an acceleration is abandoned is "a question of law when the facts that are relevant to a party's relinquishment of an existing right are undisputed," as is true here. *See Boren v. United States Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015). The issue is analyzed "by reference to the traditional principles of waiver." *Id.* at 105.

4

No. 23-40370

"Under Texas Law, the elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* (quoting *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015)).

As the district court properly recognized, "[w]aiver is largely a matter of intent." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). Indeed, "intent to abandon [acceleration] must be 'unequivocally manifested'" by a noteholder. *Sexton v. Deutsche Bank Nat'l Tr. Co.*, 731 F. App'x 302, 305 (5th Cir. 2018) (quoting *Thompson*, 783 F.3d at 1025). Although a noteholder can abandon acceleration by acceptance of payments in some circumstances, the mere acceptance of payment is not an automatic abandonment of acceleration. *Cf. Rivera v. Bank of Am., N.A.*, 607 F. App'x 358, 360–61 (5th Cir. 2015) (holding that a noteholder can abandon acceleration if it continues to accept payments without exacting any remedies available to it upon declared maturity). Instead, the circumstances must show an undisputed intent to abandon acceleration. *See Sexton*, 731 F. App'x at 306.

Here, the bank did not intentionally and unequivocally manifest its intent to abandon the acceleration. Although the bank offered the Klingers the potential to modify their loan through the Trial Period Plan and accepted the Klingers' first payment under that Plan, the bank clearly preserved its January 2019 acceleration by stating, "Our acceptance and posting of payment during the Trial Period Plan will not be deemed a waiver of the acceleration and related activities, including the right to resume or continue foreclosure actions if there is failure to comply with the terms of the plan . . . ." The Plan further explained, "Any pending foreclosure action or proceeding that has been suspended may be resumed if there is a failure to comply with the terms of the plan or the account no longer qualifies for Permanent Mortgage Modification." This language preserved the bank's

5

prior acceleration despite the bank's acceptance of the first payment under the Plan. *See Hollenshead v. Bank of Am., N.A.*, No.4:18-CV-00724-ALM-CAN, 2020 WL 4615096, at *15 (E.D. Tex. May 19, 2020), *report and recommendation adopted*, No.4:18-cv-724, 2020 WL 3496335 (E.D. Tex. June 29, 2020) (holding that similar language in a loan modification agreement preserved a prior acceleration); *cf. DeFranceschi v. Seterus, Inc.*, 731 F. App'x 309, 312 (5th Cir. 2018) (concluding that correspondence stating that acceleration would occur if payment on a modification plan was not made was evidence of intent to abandon acceleration).

Likewise, to the extent that the Klingers rely on the notice of service transfer from Ocwen to PHH Mortgage Services as evidence of the bank's intent to abandon acceleration, that argument is unconvincing. As the district court correctly held, there is nothing in the transfer of service letter that suggests that the bank "represent[ed] to the mortgagor that payment of less than the entire obligation [would] bring the loan current." *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318–19 (5th Cir. 2016). The notice-of-service-transfer letter stated that the next monthly payment was due on December 1, 2013, indicating that the loan remained in default. Even if the letter expressed the bank's intent to accept a payment that was less than the Klingers' full obligation at that time, the letter cannot be understood to show abandonment of the remainder of the payments. Indeed, in addition to stating the amount required in the next monthly payment, the letter also stated the total amount due and date of default, which implied the bank's ongoing intent to proceed with acceleration.

Because neither the bank's acceptance of the Klingers' first payment under the Trial Period Plan nor the notice-of-service-transfer letter unequivocally manifested the bank's intent to abandon the January 2019 acceleration, we AFFIRM the district court's grant of summary judgment.